IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02084-ZLW

LUIS A. CAMEJO RODRIGUEZ,

    Plaintiff,

v.

DEPARTMENT OF CORRECTIONS (WA STATE),
SCOTT FRAKES,
VIQUI HEWITT,
ERIC HARTING,
CAROL GRANDMONTAGNE (2001),
KENN QUINN (2007),
DAN PACHOLKE (2008),
CHRISTINE O'GREGOIRE,
ROB MCKENNA,
ELDON VALE,
LISA HOWE,
LESLIE PICKETT,
SGT. DERICK WALTERS,
SHERYL ALBERT,
JASON NEELY,
DWIGHT PRESTON, and
KELLY STICKNEY,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 23 2011

GREGORY C. LANGHAM
                CLERK

## ORDER DENYING MOTION TO RECONSIDER

Plaintiff, Luis A. Camejo Rodriguez, filed *pro se* on February 8, 2011, a letter titled "Order to Re-Open Case Due to Your Fed [sic] Judges Arbitrarily [sic] Abuse of Authority to Cover Genocides US Racial Discrimination Torture Secret-Kidnap False Excusses [sic] of the $6.00 Dollar Pay in 30 Day [sic] Knowingly [sic] my Indigency [sic].

I'm Already Pay $8.00 so No More Conspiracy to Dismiss my Solid Complaint - That Shall Continue."

The Court must construe the letter liberally because Mr. Rodriguez is proceeding *pro se*. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The letter, therefore, will be construed as a Motion to Reconsider, and will be denied for the reasons set forth below.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than twenty-eight days after the final judgment in an action should be considered pursuant to Rule 60(b). *See id.* at 1243. Mr. Rodriguez's Motion to Reconsider, which was filed more than twenty-eight days after the Judgment was entered in this action, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. See *Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

On August 30, 2010, Mr. Rodriguez initiated this action by submitting to the Court an "Affidavit of Service by Mailing" and a "Civil Action Complaint." Also on August 30, 2010, Magistrate Judge Boyd N. Boland directed the Clerk of the Court to commence a civil action, and directed Plaintiff to cure certain deficiencies. Specifically, he directed Mr. Rodriguez to submit a Prisoner Complaint on the court-approved form. He also directed Mr. Rodriguez to file a Prisoner's Motion and Affidavit for Leave to

2

Proceed Pursuant to 28 U.S.C. § 1915 and a certified copy of his inmate trust fund statement for the six month period immediately preceding the filing. Mr. Rodriguez cured the deficiencies in this action on September 13, 2010, and September 23, 2010. Magistrate Judge Boland granted him leave to proceed *in forma pauperis* by order dated October 5, 2010.

The October 5 Order required Mr. Rodriguez to pay the full amount of the $350.00 filing fee in installments and directed him to pay an initial partial filing fee of $6.00 within thirty days or to show cause why he has no assets and no means to pay the initial fee by filing a current certified copy of his trust fund account statement. The Order warned Mr. Rodriguez that if he failed to have the initial partial filing fee sent to the Clerk of the Court by the designated deadline or to show cause why he has no assets and no means by which to pay the initial fee the Complaint would be dismissed without further notice.

On October 25, 2010, in an apparent attempt to show cause why he had no assets to pay the initial fee, Mr. Rodriguez filed a certified copy of his inmate account statement. The inmate account statement demonstrated that, from the period of April 1, 2010, to September 30, 2010, Mr. Rodriguez had average monthly receipts of $42.56 and that his average spendable balance was $6.79. However, on the inmate account statement, Mr. Rodriguez wrote that his money had been stolen, and that he had "zero money." On October 26, 2010, Magistrate Judge Boland noted that the inmate account statement which Mr. Rodriguez filed on October 25, 2010, did not show his current account balance. Therefore, Magistrate Judge Boland found that this inmate account statement was not sufficient to show cause because it did not demonstrate that Mr.

Rodriguez had no assets and no means by which to pay the initial partial filing fee. Accordingly, Magistrate Judge Boland directed Mr. Rodriguez to submit a certified account statement that showed his current account balance, and demonstrated that he had insufficient funds in his account to pay the initial partial filing fee. Magistrate Judge Boland provided Mr. Rodriguez an additional thirty days to comply with this requirement.

Mr. Rodriguez filed a certified account statement on November 12, 2010. However, the account statement again did not show Mr. Rodriguez's current account balance. Instead, it also demonstrated that Mr. Rodriguez has an "average spendable balance" of $6.27. Therefore, the Court found that the inmate account statement submitted by Mr. Rodriguez was insufficient to show cause, because it did not demonstrate that Mr. Rodriguez had no assets and no means by which to pay the initial partial fee. Accordingly, the Court entered an order dismissing the action on December 17, 2010, for Mr. Rodriguez's failure either to pay the initial partial filing fee or to show cause why he could not.

On January 12, 2011, Mr. Rodriguez paid the $8.00 initial partial filing fee. On February 8, 2011, Mr. Rodriguez filed the Motion to Reconsider. In the Motion to Reconsider, which is rambling and largely incoherent, Mr. Rodriguez asserts, *inter alia*, that the Court is corrupt, fraudulent, arbitrary and lacks authority to dismiss his complaint. Mr. Rodriguez's abusive allegations do not provide grounds justifying a motion to reconsider. Further, Mr. Rodriguez does not explain why he was able to pay the $8.00 initial partial filing fee on January 12, 2011, after his case was dismissed, but was not able to pay the fee during the 60-day time period provided to him by Magistrate Judge Boland. Therefore, Mr. Rodriguez has not demonstrated any extraordinary

circumstances that would justify a Motion to Reconsider, and the Motion will be denied. *See Massengale*, 30 F.3d at 1330.  Accordingly, it is

ORDERED that the letter to the Court filed on February 8, 2011 (Doc. # 49), which the Court has construed liberally as a Fed. R. Civ. P. 60(b) motion, is DENIED.

DATED at Denver, Colorado, this 22nd day of February, 2011.

BY THE COURT:

_Zita Leeson Weinshienk_
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02084-BNB

Luis A. Camejo Rodriguez
Reg No. 812814
MCC-SOU
P.O. Box 514
Monroe, WA 98272

    I hereby certify that I have mailed a copys of the **ORDER** to the above-named individuals on February 23, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk